IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CARLOS PORTER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:17-CV-125 |
| | § | |
| WARDEN, FCI TEXARKANA | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Carlos Porter, a prisoner confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge recommends dismissing the petition for writ of habeas corpus.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. The petitioner filed objections to the Report and Recommendation of United States Magistrate Judge.

In his objections, petitioner reiterated his claim that he is entitled to relief based on the recent decisions in *Mathis v. United States*, ___U.S.___ 136 S. Ct. 2243 (2016), *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). In light of these decisions, petitioner contends that he was improperly sentenced as a career

offender under the United States Sentencing Guidelines because his prior convictions no longer qualify for purposes of sentence enhancement.

These claims do not challenge the manner in which the petitioner's sentence is being executed or calculated by the Bureau of Prisons. Rather, the petitioner attacks the legality of the sentence as imposed, based on the sentencing court's determination that the petitioner was a career offender. A claim challenging the legality of a sentence generally must be brought under 28 U.S.C. § 2255, not § 2241. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). There is one exception to this general rule. A federal prisoner may utilize § 2241 as a vehicle for attacking a conviction or sentence if it appears the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The petitioner correctly asserts that *Mathis* did not establish a new rule of constitutional law. *Mathis*, 136 S. Ct. at 2257. As a result, the petitioner would not be permitted to raise a *Mathis* claim in a successive § 2255 motion. *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016). However, the petitioner's inability to meet the requirements for filing a successive § 2255 motion does not make § 2255 "inadequate or ineffective" to test the legality of his conviction. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The petitioner may not proceed under § 2241, unless he satisfies the "savings clause" of § 2255(e).

The United States Court of Appeals for the Fifth Circuit has held that the savings clause of § 2255(e) "applies to a claim: (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001).

A challenge to the validity of a career offender enhancement is not the type of claim that warrants relief under § 2241. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000); *see also Alsop v. Chandler*, 551 F. App'x 217, 218-19 (5th Cir. 2014); *Griffin v. Longley*, 548 F. App'x 146, 147 (5th Cir. 2013).

As the Magistrate Judge concluded, the petitioner failed to meet either prong of the *Reyes-Requena* test. The petitioner's claims that *Mathis*, *Hinkle*, and *Tanksley* invalidated his sentence under the career offender sentence do not demonstrate that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Additionally, the petitioner's grounds for review are not based on a retroactively applicable Supreme Court decision. Therefore, the petitioner may not pursue his claims concerning the validity of his sentence in a habeas petition filed pursuant to § 2241.

The petitioner raised a new claim in his objections, citing the holding in *Nelson v. Colorado*, ___U.S.___ 137 S. Ct. 1249 (2017), as the basis for his claim. In *Nelson*, the United States Supreme Court held that fees, court costs, and restitution must be refunded to a defendant if the criminal conviction is later invalidated by a reviewing court and the case is not retried. *Nelson*, 137 S. Ct. at 1252. Because the petitioner does not allege that he was ordered to pay fees, court costs, or restitution based on conduct for which he was acquitted, *Nelson* has no bearing on the petitioner's case. The petitioner argues that the Supreme Court's holding in *Nelson* prevents the sentencing court from considering relevant conduct in assessing punishment. This claim lacks merit because *Nelson* does not address the use of relevant conduct in sentencing. Further, it is well-established that the district court may consider any information which has sufficient indicia of reliability. *United States v. Ramirez*, 271 F.3d 611, 612 (5th Cir. 2001); *see also United States v. Hinojosa*,

749 F.3d 407, 412 (5th Cir. 2014) (noting that relevant conduct determinations that increase the guidelines range do not have to be found by a jury).

Finally, the petitioner contends that he should be resentenced in accordance with 18 U.S.C. § 3559(c)(7). The statutory provision cited by the petitioner requires resentencing if a conviction that was a basis for imposing a mandatory sentence of life imprisonment under 18 U.S.C. § 3559(c) is later invalidated. This claim fails for two reasons. First, the petitioner was not sentenced to life imprisonment under 18 U.S.C. § 3559(c). Second, the petitioner has not alleged that any of his prior convictions that were used to enhance his sentence have been invalidated.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

Accordingly, petitioner's objections are **OVERRULED**. The Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings of fact and conclusions of this Court. The Court **ORDERS** that this petition be **DISMISSED.** A final judgment will be entered in accordance with the above.

**SIGNED this 6th day of June, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE